IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROYLAND RICE, | ) | No. C 11-02886 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | |
| TERRY F. SCHILLINGER, et al., | ) ) | |
| Defendants. | ) ) ) | |

On June 13, 2011, Plaintiff, who is currently being detained at the Glenn E. Dyer Detention Facility in Oakland, filed in pro se a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state

Order of Dismissal
02886Rice_dism.heck.wpd

a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983. Heck v. Humphrey, 512 U.S. 477, 487 (1994).[1] A plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87.

According to the complaint and attachments thereto, Plaintiff was arrested on February 18, 2011, for the attempted robbery of an Orchard Supply Hardware Store in El Cerrito, California. Plaintiff was positively identified by the cashier whom he attempted to rob using a pistol. Plaintiff attached to his complaint a copy of the transcript of the preliminary hearing which took place on March 17, 2011; at the conclusion of the hearing, the trial judge set the date of arraignment for April 4, 2011. In his complaint, Plaintiff claims that the initial arrest was without probable cause, and that the arresting officer's actions violated his Fourth Amendment right against unreasonable search and seizure. (Compl. at 9-10.) Plaintiff also alleges that officers violated his right to due process in the manner in which they searched and impounded

---

[1] Heck applies equally to claims brought under §§ 1983, 1985 and 1986. McQuillion v. Schwarzenegger, 369 F.3d 1091, 1098, n. 4 (9th Cir. 2004).

Order of Dismissal
02886Rice_dism.heck.wpd                         2

United States District Court
For the Northern District of California

his van. (<u>Id.</u> at 11.) Plaintiff claims that he has remained incarcerated for four months, and that he has "suffered and continues to suffer humiliation, damage to his reputation and psychological trauma," and that he has lost his job, wages, and all his personal belongings. (<u>Id.</u> at 13-14.) Plaintiff also names as defendants the prosecutors, the trial judge, and his public defender. (<u>Id.</u> at 3-4.)

Plaintiff's allegations that he is unlawfully incarcerated due to Defendants' allegedly unconstitutional actions would, if successful, necessarily imply the invalidity of his state court conviction, assuming that his state trial proceedings have concluded. Furthermore, he has failed to show that the conviction has otherwise been reversed. As such, Plaintiff's claims are barred by <u>Heck</u> and must be dismissed.

Accordingly, Plaintiff's complaint is DISMISSED without prejudice to Plaintiff's filing a new complaint if the challenged conviction and sentence are later invalidated. See <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by <u>Heck</u> may be dismissed sua sponte without prejudice under 28 U.S.C. § 1915).

## CONCLUSION

Plaintiff's complaint is hereby DISMISSED without prejudice for failure to state a cognizable claim for which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).

The Clerk shall close the file.

DATED: November 8, 2011

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
02886Rice_dism.heck.wpd         3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROYLAND RICE,

        Plaintiff,

  v.

TERRY F. SCHILLINGER, et al.,

        Defendants.

Case Number: CV11-02886 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/14/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Royland Rice PFN UEQ 820
The Glenn E. Dyer Detention Facility
550 6th Street
Oakland, CA 94807

Dated: 11/14/2011

Richard W. Wieking, Clerk
/s/By: Elizabeth Garcia, Deputy Clerk